UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. PITTMAN,<br><br>                        Petitioner,<br><br>v.<br><br>M.E. SPEARMAN, Warden,<br><br>                        Respondent. | Case No.: 16cv1585-AJB (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

      This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  On June 20, 2016, Petitioner Antoine Pittman, a state prisoner proceeding *pro se*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254.  ECF No. 1 ("Pet.").  On June 23, 2016, the Court dismissed the Petition without prejudice and informed Petitioner that he must provide the Court with the $5 filing fee or file a motion to proceed *in forma pauperis* and file a First Amended Petition on a court-approved petition form.  ECF No. 3.  On August 3, 2016, Petitioner paid the $5 filing fee [ECF No. 4] and on August 19, 2016 he filed a First Amended Petition [ECF No. 5 ("FAP")].  Petitioner challenges his convictions for two murders, attempted robbery, and conspiracy to commit robbery.  Lodgment 1 at 1.  On August 24, 2016, the Court reopened the case and issued a briefing schedule requiring Respondent to file a motion to dismiss by October 28, 2016,

and Petitioner to file an opposition by November 28, 2016. ECF No. 6. Currently before the Court is Respondent's Motion to Dismiss the First Amended Petition for being untimely and raising unexhausted claims. ECF. No. 10 ("MTD"). Petitioner did not file an opposition. See Docket. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 1995, a jury found Petitioner guilty of second degree murder of Lon Smithwick, first degree murder and attempted robbery of Tariq Khamisa, and conspiracy to commit robbery. Lodgment 1 at 1; Lodgment 2 at 4. The jury also found true allegations that Petitioner "personally used a firearm in the murder of Smithwick and the murder and attempted robbery of Khamisa were committed with a firearm." Lodgment 1 at 1. On February 13, 1996, Petitioner was sentenced to life imprisonment without the possibility of parole for the murder of Khamisa, and fifteen years to life for the murder of Smithwick. Lodgment 1 at 1; Lodgment 2 at 5. Petitioner's sentencing for the murder of Smithwick was stayed pursuant to California Penal Code sections 190.2(a)(3) and 654, and the sentencing on his remaining convictions and enhancements was stayed under California Penal Code section 654. Lodgment 1 at 1-2.

On February 16, 1995, Petitioner filed a notice of appeal, and on February 22, 1995 Petitioner filed an amended notice of appeal to the California Court of Appeal. Lodgment 2 at 5. Petitioner alleged:

> (1) that his conviction for the murder of Smithwick must be reversed because the trial court (a) failed to instruct sua sponte on the defense of others or the honest but unreasonable belief in the need to defend others, (b) refused his request to instruct on voluntary manslaughter, and (c) failed to instruct sua sponte that efforts by others to intimidate a witness could not be used against a defendant unless the jury found he had authorized such efforts; and (2) his conviction for the murder of Khamisa must be reversed because the charge was submitted to the jury on a legally incorrect conspiracy theory.

Lodgment 1 at 2. On May 21, 1997, the Court of Appeal for the Fourth Appellate District, Division One, affirmed the conviction and sentence. Lodgment 1. On June 24, 1997, Petitioner filed a Petition for Review in the California Supreme Court, contending that his conviction for the murder

of Khamisa "must be reversed because it was submitted to the jury on a legally incorrect conspiracy theory." Lodgment 2 at 18. On August 25, 1997, the California Supreme Court denied Petitioner's petition for review. Lodgment 3.

Petitioner filed a state petition for writ of habeas corpus on September 18, 1997 in the California Supreme Court, arguing that the trial court erred in (1) failing to instruct the jury that to be liable for first degree murder under an aiding and abetting theory, the jury had to find that the defendant "had the knowledge [and] intent or purpose of committing, encouraging, or facilitating the confederate's crime", and (2) providing the jury with a legally incorrect conspiracy theory instruction. Lodgment 4 at 3, 4. On December 23, 1997, the California Supreme Court denied the petition, citing to In re Dixon, 41 Cal. 2d 756, 759 (1953). Lodgment 5. In re Dixon held that "[t]he general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse or failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." In re Dixon, 41 Cal. 2d at 759 (citations omitted).

On June 24, 1998, Petitioner constructively filed a federal habeas petition in the United States District Court for the Eastern District of California. Lodgment 6; see also Pittman v. Yearwood, 98cv1338-H (POR), ECF No. 1. The Magistrate Judge presiding over Petitioner's 1998 federal petition in the Eastern District of California found that venue was proper in the Southern District of California and transferred the case on July 15, 1998. Pittman v. Yearwood, 98cv1338-H (POR), ECF No. 1 at 1-3. Petitioner raised four claims in his 1998 federal petition: (1) the trial court gave an erroneous jury instruction on aiding and abetting, (2) ineffective assistance of trial counsel, (3) the trial court erred by submitting one murder charge to the jury on an incorrect conspiracy theory, and (4) the trial court erred in failing to instruct *sua sponte* on either lawful defense of others, or honest but unreasonable belief in the need to defend others. Lodgment 6 at 5-6; see also Lodgment 10 at 1. On September 10, 1998, Respondent filed an Answer, contending that (1) Petitioner failed to exhaust claims two and four, (2) claims one, three, and four fail to raise a federal question, (3) claim one is procedurally barred, and (4) claim three

fails on the merits.  Lodgment 7 at 16-27.  On March 15, 1999, the Court issued an order notifying Petitioner that he failed to exhaust the second and fourth grounds for relief.  Lodgment 8 at 1.  The Court gave Petitioner three options: (1) dismiss the case in order to exhaust state court remedies, (2) file a supplemental memorandum regarding exhaustion to prove exhaustion or an exception to the exhaustion requirement, or (3) formally and permanently abandon the unexhausted claims.  Id. at 5-6.  The Court also warned Petitioner of the consequences of each option.  Id. at 7-8.  On March 30, 1999, the Court received a letter from Petitioner, stating:

> Petitioner's option, to dismiss case in order to exhaust state court remedies. Petitioner Antoine Pittman is moveing [sic] to dismiss [sic] the present action in order to exhaust all grounds raised in his federal petition.  To do so, Pititioner [sic] is fileing [sic] a plead with this Court, entitled: "Motion to Dismiss Habeas Corpus Petition in Order to Exhaust State Remedies."  Now that petitioner has filed such a motion, petitioner would like to know how he could go about presenting the federal issues framed in the petition to the California Supreme Court by way of habeas corpus in a comprehensible manner?

Lodgment 9 at 1.  On April 5, 1999, the Court construed Petitioner's letter as a motion to dismiss his habeas corpus petition in order to exhaust state court remedies.  Id. at 1-2.  On April 12, 1999, Magistrate Judge Porter filed a Report and Recommendation granting Petitioner's motion to dismiss his habeas corpus petition.  Lodgment 10.  On June 2, 1999, District Judge Huff dismissed Petitioner's 1998 federal petition for writ of habeas corpus without prejudice and terminated the case.  Pittman v. Yearwood, 98cv1338-H (POR), ECF No. 12.

On June 20, 2016, Petitioner constructively filed a second federal petition for writ of habeas corpus in this Court.  ECF No. 1.  On June 23, 2016, the District Judge dismissed the case without prejudice and informed Petitioner that to re-open the case he would need to provide the Court with a $5 filing fee or a motion to proceed *in forma pauperis*, and a First Amended Petition on a court-approved petition form.  ECF No. 3.  On August 3, 2016, Petitioner paid the $5 filing fee.  ECF No. 4.  On July 25, 2016, the date of Petitioner's signature, Petitioner filed a First Amended Petition.  FAP.

//

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claim:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## DISCUSSION

Respondent contends that the First Amended Petition should be dismissed as untimely because it was filed more than seventeen years after the one-year statute of limitations expired and because claims two and four are still unexhausted. MTD at 5, 11. Petitioner did not oppose Respondent's opposition. See Docket.

### A. The AEDPA Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (2006 & Supp. 2016). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1  Id. § 2244(d)(1)(A)-(D).

2      Petitioner's judgment became final by the conclusion of direct review 90 days after the
3  California Supreme Court denied Petitioner's Petition for Review on August 20, 1997.  See
4  McMonagle v. Meyer, 802 F.3d 1093, 1097 (9th Cir. 2015) (citing Bowen v. Roe, 188 F.3d 1157,
5  1158-59 (9th Cir. 1999)) ("For AEDPA Purposes, 'direct review' includes the ninety-day period in
6  which the appellant may petition for a writ of certiorari from the United States Supreme Court.").
7  For Petitioner, the statute of limitations under the AEDPA began to run on November 18, 1997
8  (90 days after the California Supreme Court's denial of the petition for review on August 20,
9  1997), and expired on November 18, 1998.  The instant First Amended Petition was not filed
10 until July 25, 2016 – more than 17 years after the statute of limitations ran.  FAP.  Because
11 Petitioner did not file his federal habeas petition within the one-year statute of limitations, the
12 petition is untimely unless sufficiently tolled.

13      **B.  <u>Petitioner Is Entitled to Some Statutory Tolling</u>**

14      The AEDPA tolls its one-year limitations period for the "time during which a properly filed
15 application for State post-conviction or other collateral review . . . is pending."  28 U.S.C.
16 § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (overruled on other grounds
17 by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir 2008)).  An application for state post-conviction
18 review is considered "pending" during the interval between the lower state court's adverse
19 decision and the prisoner's filing of a notice of appeal in the higher state court, provided that
20 the filing of that notice is timely under state law.  Carey v. Saffold, 536 U.S. 214, 222-25 (2002).
21 In California, where habeas decisions are not appealed but may be filed originally in each court,
22 "pending" includes a reasonable time, such as thirty to sixty days, between a decision and a
23 subsequent filing.  Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that an unjustified and
24 unexplained six-month delay is presumptively unreasonable).  However, the statute of
25 limitations is not tolled after state habeas proceedings are final and before federal habeas
26 proceedings are initiated.  See 28 U.S.C. § 2244(d)(2).  Additionally, the statute of limitations is
27 not tolled "from the time a final decision is issued on direct state appeal and the time the first
28 state collateral challenge is filed because there is no case 'pending' during that interval."  Nino,

183 F.3d at 1006.

As previously stated, the statute of limitations began to run on November 18, 1997 and expired on November 18, 1998. Petitioner filed his first petition for collateral state post-conviction relief in the California Supreme Court on September 18, 1997 – before the AEDPA statute of limitations began to run. Lodgment 4. On December 23, 1997, the California Supreme Court denied Petitioner's state petition for writ of habeas corpus. Lodgment 5. Because Petitioner's application for collateral state post-conviction relief was pending until December 23, 1997, the AEDPA statute of limitations was tolled from November 18, 1997 to December 23, 1997. See 28 U.S.C. § 2244(d)(2); see also Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir 2008)). Thus, the statute of limitations began to run on December 23, 1997 and expired on December 23, 1998.

Petitioner filed his first federal petition in this Court within AEDPA's statute of limitations on June 24, 1998. Pittman v. Yearwood, 98cv1338-H (POR), ECF No.1. As stated previously, the first federal petition was dismissed on June 2, 1999. Id. at ECF No. 12. "However, Petitioner is not entitled to tolling for the time the Federal Petition was pending until its dismissal" because an application for federal habeas corpus relief does not statutorily toll the AEDPA statute of limitations. Hernandez v. Small, 2011 WL 4550342, at *4 (C.D. Cal. Aug. 11, 2011) (citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001))[1]. More than 17 years after dismissal of the first federal habeas petition, Petitioner filed the instant First Amended Petition on July 25, 2016. FAP. Accordingly, Petitioner's instant federal habeas petition is more than 17 years and seven months past the expiration of the statutorily tolled AEDPA statute of limitations. As such, the instant petition is time barred, unless Petitioner can establish an entitlement to equitable tolling.

### C. **Petitioner Is Not Entitled to Equitable Tolling**

The United States Supreme Court has held that the AEDPA's one-year statute of

---

[1] Even if Petitioner was entitled to statutory tolling while the first federal petition was pending, the current petition still is extremely untimely.

limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. at 418). The bar is set high to effectuate "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Rose, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing Carey, 536 U.S. at 226). Whether a petitioner is entitled to equitable tolling depends on a fact-specific inquiry. Holland, 560 U.S. at 650.

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence." Id. (citations omitted). The purpose of requiring Petitioner to show diligence "is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) (citing Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2003)). To determine whether a petitioner has been diligent, courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Id.

Respondent argues that Petitioner is not entitled to equitable tolling because he has not alleged any grounds entitling him to equitable tolling. MTD at 10-11. Specifically, Respondent contends that there is nothing in the record suggesting Petitioner's failure to timely file his First Amended Petition was due to an extraordinary circumstance beyond his control. Id. at 10. Respondent explains that Petitioner's current claims are identical to the claims raised in his 1998 federal petition and asserts that Petitioner is not entitled to equitable tolling because the court in 1998 informed Petitioner of the statute of limitations. Id. Because Petitioner did not file an opposition, he did not argue that he is entitled to equitable tolling.

Petitioner does not satisfy Holland's diligence prong. Although Petitioner did file a federal petition for writ of habeas corpus within AEDPA's statute of limitations, that petition was dismissed at Petitioner's request and the case closed. Lodgment 6; see also Pittman v.

Yearwood, 98cv1338-H (POR), ECF Nos. 1, 12.  Further, the filing of the first federal petition did not statutorily toll the statute of limitations.  See Duncan, 533 U.S. at 181-82.  Petitioner did not file this petition until July 25, 2016, over seventeen years after his conviction became final, his first federal petition was dismissed, and after the AEDPA's statute of limitations expired.  FAP, Pittman v. Yearwood, 98cv1338-H (POR), ECF Nos. 1, 12.

To preserve his claim, Petitioner must show that he "diligently" pursued his legal interests during the seventeen years which elapsed between the California Supreme Court's denial of his state habeas corpus petition and the filing of the current federal Petition.  Holland, 560 U.S. at 649.  Petitioner presents no evidence or argument to establish that he "diligently" pursued his legal claims and, therefore, fails to satisfy Holland's diligence prong.

Likewise, Petitioner cannot satisfy Holland's extraordinary circumstances prong. Petitioner does not allege or make any showing of an extraordinary circumstance outside of his control which prevented him from timely filing the instant First Amended Petition before the AEDPA statute of limitations expired on December 23, 1998.

Because Petitioner has not shown that he diligently pursued his legal interests and that some extraordinary circumstances prevented timely filing, he has not met his burden and is not entitled to equitable tolling under Holland.  Accordingly, this Court **RECOMMENDS** that Respondent's Motion to Dismiss the First Amended Petition be **GRANTED** and that Petitioner's First Amended Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

### D.  Claims Two and Four are Unexhausted

A federal court may not consider a petition for habeas corpus unless the petitioner has first presented his claims to the state courts, thereby "exhausting" them.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982).  The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted).  Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review.

Baldwin v. Reese, 541 U.S. 27, 29 (2004).  In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice.  Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  Claims are not exhausted by mere presentation to the state appellate system.  A petitioner must also "alert [] [the state] court to the federal nature of the claim."  Baldwin, 541 U.S. at 29.  A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal."  Id. at 32.

If state court remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed.  Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total exhaustion" rule even after the AEDPA imposed one-year statute of limitations on habeas claims).  Pursuant to the AEDPA, all federal habeas petitions are subject to a one-year-statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited.  28 U.S.C. § 2244(d).

Respondent argues that grounds two and four of the First Amended Petition are unexhausted because they were not presented to the California Supreme Court.  MTD at 11.  Specifically, Respondent contends that Petitioner raised only grounds one and three to the California Supreme Court in his state habeas petition and his petition for review before the California Supreme Court.  Id.  Petitioner argues that he fully exhausted grounds two and four in his First Amended Petition.  FAP at 2-5.

Petitioner's second claim is that his trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment for failure to call two particular witnesses and for trial counsel's actions related to *voir dire*.  Id. at 7.  Petitioner alleges that he raised this claim on direct review to the Court of Appeal and the California Supreme Court.  Id. at 2.  He also generally alleges that he exhausted all state court remedies on collateral review.  Id. at 3-5.

However, the lodgments evince that Petitioner did not present this claim to any court on either direct review or habeas review. See Lodgments 1, 2, 4. As such, the ineffective assistance of counsel claim is unexhausted because it has never been presented to any state court, including the California Supreme Court.

His fourth claim is that the trial court erred in failing to instruct *sua sponte* on either lawful defense of others, or honest but unreasonable belief in the need to defend others. FAP at 9. Petitioner alleges that he raised this claim on direct review to the Court of Appeal and the California Supreme Court. Id. at 2. Petitioner also generally states that he exhausted all state court remedies through collateral review. Id. at 3-5. Again, the lodgments evince that Petitioner is incorrect. See Lodgment 2. Petitioner presented this claim to the Court of Appeal on direct review, but not to the California Supreme Court. See Lodgment 1 at 2; see also Lodgment 2. Additionally, Petitioner failed to present this claim to the California Supreme Court on habeas review. See Lodgment 4. Therefore, the California Supreme Court has not had an opportunity to address this claim, rendering it unexhausted.

Because neither of these claims were presented to the California Supreme Court on either direct or habeas review, the First Amended Petition is a "mixed petition," and subject to dismissal. See Rose, 455 U.S. at 522; Castille, 489 U.S. at 349. Typically, a court informs a petitioner with a mixed petition of his or her options in staying the case pending exhaustion, dismissing the unexhausted claims, or proving exhaustion. Here, however, Petitioner was notified of his options for avoiding dismissal of a mixed petition. Lodgment 8. Petitioner's first federal petition, filed in Pittman v. Yearwood, 98cv1338-H (POR), in 1998, raised the same claims as the instant First Amended Petition. See Lodgment 6; FAP. On March 15, 1999, Magistrate Judge Porter issued an order regarding the failure to exhaust state court administrative remedies. Lodgment 8. Magistrate Judge Porter found that Petitioner failed to exhaust the second and fourth grounds for relief, which are identical to claims two and four in the instant First Amended Petition, and explained to Petitioner that "state remedies must first be exhausted on all issues raised in a federal habeas petition." Id. at 1, 5. Magistrate Judge Porter carefully and extensively explained Petitioner's options:

**Petitioner Has Three Options:**

**Option 1:** Dismiss case in order to exhaust state court remedies.

Petitioner may move to dismiss the present action in order to exhaust all grounds raised in his federal Petition. To do so, Petitioner should file a pleading with this Court, no later than April 12, 1999; entitled: "Motion to Dismiss Habeas Corpus Petition In Order to Exhaust State Remedies." Once Petitioner has filed such a motion, Petitioner can present the federal issues framed in the Petition to the California Supreme Court by way of habeas corpus in a comprehensible manner. If relief is denied, Petitioner may file a new petition with this Court containing only issues that have been fully exhausted. See Rose, 455 U.S. at 510.

**Option 2:** File a "Supplemental Memorandum Regarding Exhaustion.

Petitioner may file a supplemental memorandum stating how all claims submitted for federal relief have been exhausted in state court. If the state's highest court has not been provided with the opportunity to rule on the merits of the claims and Petitioner claims that he is procedurally barred from returning to state court or that to do so would be futile, he must make an additional showing to be eligible for federal relief. Petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner can demonstrate exhaustion either by showing he has provided the highest state court with the opportunity to rule on the merits of each claim or by showing that no state remedy remains available and there was no deliberate bypass of state remedies. If Petitioner chooses Option 2, Petitioner must file a pleading with this Court, no later than April 12, 1999; the pleading should be entitled: "Supplemental Memorandum Regarding Exhaustion."

**Option 3:** Formally and permanently abandon unexhausted claims.

Petitioner may proceed with the exhausted claims by formally and permanently abandoning the aforementioned unexhausted claims. If Petitioner chooses Option 3, Petitioner must file a pleading with this Court, no later than April 12, 1999; the pleading should be entitled: "Formal Declaration of Abandonment." The declaration must state that Petitioner voluntarily, knowingly, and intelligently agrees to abandon forever the aforementioned unexhausted claims contained in the petition for habeas corpus.

Id. at 5-6 (footnotes omitted). Magistrate Judge Porter further explained the consequences of selecting Option 1: "**Thus, a petitioner who elects to dismiss his federal petition by selecting Option 1, may be barred from having any future federal petitions attacking the same conviction or sentence considered on the merits because the** [one-year] **statute of limitations may have run.**" Id. at 8 (emphasis in original). Therefore, Plaintiff was explicitly warned about the one-year statute of limitations imposed by the AEDPA.

Petitioner elected Option 1 and Pittman v. Yearwood was dismissed without prejudice to permit Petitioner to exhaust his state court remedies. Lodgment 9; Pittman v. Yearwood, 98cv1338-H (POR), ECF No. 12. While Petitioner generally alleges that he exhausted his state court remedies, he provides no evidence that he has taken any action with regard to his claims since his petition was dismissed without prejudice in 1999. FAP at 2-5. The Court searched the California courts' website for a state petition filed by Petitioner since 1999. The Court did not find filings by Petitioner in the San Diego Superior Court, the California Court of Appeal, or the California Supreme Court. See http://courtindex.sdcourt.ca.gov/CISPublic/viewname; http://appellatecases.courtinfo.ca.gov/search/searchResults.cfm?dist=41&search=party; http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1794099&doc_no=S062357. As such, Petitioner has not shown that claims two and four in his First Amended Petition are exhausted. The Court will not hold the First Amended Petition in abeyance, however, because Petitioner failed to file the First Amended Petition within the statute of limitations, despite Magistrate Judge Porter expressly warning Petitioner of the time-frame. Lodgment 8 at 8. Thus, even if Petitioner could show that his claims were exhausted, Petitioner's First Amended Petition was filed more than seventeen years and seven months after the statutorily tolled statute of limitations expired. Supra 5-9. Accordingly, Petitioner has forfeited claims two and four because they are unexhausted and because the AEDPA statute of limitations has already expired. See 28 U.S.C. § 2244(d).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the

13

16cv1585-AJB (BLM)

1  First Amended Petition is not timely, and (3) directing that Judgment be entered **GRANTING**
2  Respondent's Motion to Dismiss with prejudice.
3      **IT IS ORDERED** that no later than **January 13, 2017**, any party to this action may file
4  written objections with the Court and serve a copy on all parties.  The document should be
5  captioned "Objections to Report and Recommendation."
6      **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
7  and served on all parties no later than **February 3, 2017**.  The parties are advised that failure
8  to file objections within the specified time may waive the right to raise those objections on
9  appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).
10     **IT IS SO ORDERED**.

12  Dated:  12/16/2016

            *[signature]*
            Hon. Barbara L. Major
            United States Magistrate Judge