UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. PITTMAN,<br><br>         Petitioner,<br><br>v.<br><br>M.E. SPREARMAN, Warden,<br><br>         Respondent. | Case No.: 16cv1585-AJB (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(Doc. No. 12)**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS;**<br>**(Doc. No. 13)**<br><br>**(3) DISMISSING CASE WITH PREJUDICE; AND**<br><br>**(4) DENYING CERTIFICATE OF APPEALABILITY** |

  On August 19, 2016, Petitioner Antoine L. Pittman ("Petitioner"), a state prisoner proceeding pro se, filed his first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 5.) Petitioner alleges that the trial judge provided flawed jury instructions, and that his trial counsel provided ineffective assistance of counsel. (*Id.* at 6-

1

33.) On August 24, 2016, the Court reopened Petitioner's case. (Doc. No. 6.) Subsequently, M.E. Sprearman ("Respondent") filed a motion to dismiss on October 12, 2016. (Doc. No. 10.)

On December 16, 2016, Magistrate Judge Barbara L. Major filed a Report and Recommendation ("R&R") recommending that the Court grant Respondent's motion to dismiss. (Doc. No. 12.) Petitioner filed timely objections to the R&R on January 9, 2017. (Doc. No. 13.) Respondent did not file a Reply by the deadline as set forth by the R&R. (Doc. No. 12 at 14.) For the reasons set forth more fully below, the Court **ADOPTS** the R&R in full, (Doc. No. 12), **OVERRULES** Petitioner's objections, (Doc. No. 13), **GRANTS** Respondent's motion to dismiss Petitioner's first amended petition for writ of habeas corpus **WITH PREJUDICE**, (Doc. No. 10), and **DECLINES** to issue a certificate of appealability.

## I.    BACKGROUND[1]

In December of 1994, Petitioner fatally shot Lon Smithwick ("Smithwick"), who had earlier refused to buy alcohol for Petitioner's girlfriend. (Doc. No. 11-1 at 3.) The next month, Petitioner, who was eighteen years old at the time, conspired with three fourteen year olds to rob Tariq Khamisa ("Khamisa"), a pizza delivery man. (*Id.* at 4.) When Khamisa refused to give up his pizzas, Petitioner told the armed fourteen year old to shoot Khamisa, which the boy did. (*Id.* at 5.)

A jury convicted Petitioner of second degree murder of Smithwick, first degree murder of Khamisa, attempted robbery of Khamisa, and conspiracy to commit robbery. (*Id.* at 1.) Petitioner was then sentenced to life imprisonment without the possibility of parole for the murder of Khamisa, and was sentenced to fifteen years to life for the murder of Smithwick. (*Id.*)

In 1995, Petitioner appealed his conviction on several grounds including that: (1) his

---

[1] The Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut this presumption, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003).

conviction for the murder of Smithwick be reversed because the trial court failed to instruct sua sponte on the defense of others or the honest but unreasonable belief in the need to defend others; (2) the trial court refused to instruct on voluntary manslaughter; (3) the trial court failed to instruct sua sponte that efforts by others to intimidate a witness could not be used against a defendant unless the jury found he had authorized such efforts; and (4) Petitioner's conviction for the murder of Khamisa be reversed because the charge was submitted to the jury on a legally incorrect conspiracy theory. (*Id.* at 2.) On May 21, 1997, the California Court of Appeal rejected each of Petitioner's claims and affirmed the judgment. (*Id.*).

On June 24, 1997, Petitioner petitioned to have his conspiracy theory claim reviewed by the California Supreme Court. (Doc. No. 11-2.) On August 25, 1997, the California Supreme Court denied the petition to review. (Doc. No. 11-3.)

On September 18, 1997, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court asserting that the trial court erred in failing to instruct the jury that to be liable for first degree murder under an aiding and abetting theory, it had to find that Petitioner had the knowledge and intent or purpose of committing, encouraging, or facilitating the confederate's crime. (Doc. No. 11-4 at 4.)   On December 23, 1997, the California Supreme Court denied the petition. (Doc. No. 11-5.)

On June 24, 1998, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 raising the following claims: (1) the trial court gave an erroneous instruction on aiding and abetting; (2) trial counsel provided ineffective assistance of counsel; (3) that Petitioner's first degree murder conviction was submitted to the jury on a legally incorrect conspiracy theory; and (4) the trial court erred in failing to sua sponte instruct the jury on either the defense of others or the honest but unreasonable defense of others. (Doc. No. 11-6.) On September 10, 1998, respondent Susan Yearwood filed an answer to the petition. (Doc. No. 11-7.)

On March 15, 1999, the district court filed an amended order agreeing with respondent Yearwood's answer and found that Petitioner had failed to exhaust his state

court remedies on grounds two and four listed above. (Doc. No. 11-8 at 1.) The Court thus provided three options for Petitioner: (1) dismiss the case in order to exhaust state court remedies; (2) file a "Supplemental Memorandum Regarding Exhaustion"; or (3) formally and permanently abandon the unexhausted claims. (*Id.* at 5-6.) In response, Petitioner sent a letter on March 25, 1999, stating that he chose to dismiss the case in order to exhaust state court remedies. (Doc. No. 11-9 at 3.) On April 12, 1999, Magistrate Judge Louisa S. Porter issued an R&R. (Doc. No. 11-10.) The R&R recommended that Petitioner's motion to dismiss be granted, and that the petition for writ of habeas corpus be dismissed without prejudice. (*Id.* at 2.)

On June 20, 2016, Petitioner filed another petition for writ of habeas corpus with this Court. (Doc. No. 1.) Shortly thereafter, the Court issued a notice regarding possible failure to exhaust and one-year statute of limitations. (Doc. No. 2.) On June 23, 2016, the Court dismissed Petitioner's case without prejudice for failure to pay the $5.00 filing fee or in the alternative failing to move to proceed in forma pauperis. (Doc. No. 3.) On August 3, 2016, Petitioner paid the $5.00 filing fee. (Doc. No. 4.)

Thereafter, Petitioner filed his first amended petition for writ of habeas corpus ("FAP") on August 19, 2016. (Doc. No. 5.) The FAP raises the same four claims that Petitioner raised in his 1998 federal habeas petition, discussed *supra* p. 3, with the same supporting arguments, verbatim. (*See generally* Doc. No. 5; Doc. No. 11-6.) On October 12, 2016, Respondent filed a motion to dismiss the FAP. (Doc. No. 10.) Respondent asserts that the FAP is time-barred by the one-year limitations period, and that the FAP contains unexhausted claims. (*Id.* at 8-12.) On December 16, 2016, Magistrate Judge Major filed an R&R recommending that Respondent's motion to dismiss be granted and Petitioner's FAP be dismissed with prejudice. (Doc. No. 12.) On January 9, 2017, Petitioner filed a timely objection. (Doc. No. 13.) For the following reasons, the Court agrees with the R&R.

## II.  LEGAL STANDARDS

### A.  Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district

judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

   B. <u>Standard of Review Under 28 U.S.C. § 2254</u>

  A petitioner in state custody pursuant to the judgment of a state court may challenge his detention only on the grounds that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a); *accord Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to § 2254 habeas corpus petitions filed after 1996, and employs a "'highly deferential standard for evaluating state-court rulings,' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 & n.7 (1997)). Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to" or "an unreasonable application" of Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. § 2254(d)(1)-(d)(2).

**III. DISCUSSION**

  Here, Petitioner's "objections" consist of seven pages of text stating that "the courts know 'very well' young boys coming to these prisons with life sentences know nothing of the law, and have little education," as well as requesting the Court do the "Christian thing." (Doc. No. 13 at 5-6.) Petitioner then objects arguing that "[r]espondents would like to bury any mistakes with a [sic] unexhausted claim, and a [sic] untimely claim, 'but' if the trial

courts would have done this correctly the first time around, there would be no untimely or unexhausted claims." (*Id.* at 6.) Additionally, Petitioner claims that "the trial court should not be able to make these enormous and exceedingly wicked mistakes . . . then close the door on many petitioners with untimely claims . . . ." (*Id.*) The Court first clarifies that these are not objections, but are unsubstantiated allegations to which the Court is not required to respond to. *See Carter v. Yellowstone Cnty.*, No. CV-07-09 BLGRFC, 2007 WL 1562569, at *2 (D. Mon. May 25, 2007).

Next, the Court highlights that Petitioner's objection fails to challenge the findings and recommendations made in Magistrate Judge Major's R&R. Instead, Petitioner repeats the arguments made in his FAP, argues that his conviction should be reversed, as well as requests the Court to "see the mistakes of the trial court" and execute a "proper punishment for the petitioner, strictly from the trial courts mistakes, and do away with the life without parole sentence . . . ." (*See Generally*, Doc. No. 13.) The Court finds these general objections to the entirety of Magistrate Judge Major's R&R has the "same effect as a failure to object." *See Alcantara v. McEwen*, No. 12-CV-401-IEG (DHB), 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013); *see also Johnson v. Gains*, No. 09cv1312-LAB (POR), 2011 WL 765851, at *1 (S.D. Cal. Feb. 24, 2011) (following the sixth circuit and finding that objections to the report in its entirety do not satisfy the requirement that parties may file "specific written objections" under FRCP 72(b)(2)); *Morris v. Barra*, Civil No. 10cv02642 AJB (BGS), 2013 WL 1190766, at *17, n.11 (S.D. Cal. Mar. 22, 2013). Accordingly, without any further reference to any supplementary legal conclusions or facts, Petitioner is unable to support these broad conclusions and has thus failed to object.[2]

In sum, as currently pled, Petitioner's objection fails to provide the Court with any colorable claim why Magistrate Judge Major's R&R should not be adopted. First,

---

[2] *See Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."); *see also Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object.").

Petitioner does not provide evidence to suggest that he was unable to file his FAP within the one-year statute of limitations due to an "extraordinary circumstance beyond his control" or that he has been pursuing his rights diligently; thus he is entitled to equitable tolling and his FAP is timely. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Second, Petitioner has not presented evidence to allege that he has exhausted his state court remedies as to the second and fourth claims present in his FAP. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 520 (1982) (holding that a federal court may not consider a petition for habeas corpus unless the petitioner has first presented his claims to the state courts, thereby "exhausting" them). Accordingly, Petitioner has unsuccessfully objected to any of the conclusions made in the R&R.

Thus, finding Magistrate Judge Major's R&R to have carefully reviewed the pending motions, the applicable law, and the relevant facts presented by Petitioner, the Court agrees with the R&R and finds that as Petitioner's FAP was filed more than fifteen years past the statute of limitations, it is untimely. Additionally, despite electing to dismiss his first federal petition in 1999 so that Petitioner could exhaust his state court remedies, Petitioner has failed to provide evidence that he has done so, and thus has forfeited these claims. As a result, the Court **DISMISSES** Petitioner's FAP **WITH PREJUDICE**.[3]

## IV.   CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). A petitioner satisfies this standard by demonstrating that

---

[3] *See Campbell v. U.S. Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974) (holding that if no objection is made by either party, the Court may assume the correctness of the magistrate judge's proposed findings of fact and decide the motion on the applicable law).

reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation omitted). Here, Petitioner did not attempt to make a substantial showing of the denial of a constitutional right, instead arguing that the Court should resentence Petitioner, and generally repeating the claims made in his FAP. Thus, finding that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims, the Court **DECLINES** to issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, having reviewed the R&R, the Court finds it is thorough, well grounded in the law, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** the R&R in its entirety; (2) **OVERRULES** Petitioner's objections; (3) **GRANTS** Respondent's motion to dismiss; (4) **DISMISSES** the case **WITH PREJUDICE**; and (5) **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: February 8, 2017

Hon. Anthony J. Battaglia
United States District Judge